(81 South. 742)

No. 23085.

STATE ex rel. BRADLEY v. LEWIS et ux.

(May 5, 1919.)

*(Syllabus by Editorial Staff.)*

1. HABEAS CORPUS ☜99(4)—FATHER'S CUSTODY OF CHILDREN.

Where father neglected his family, and his wife because of his cruelty went to her parents, and on her death left with them three minor children, one only six months old, and they were able and willing to care for them, and after allowance of father's dependency claim, and upon discovery that he was not supporting his children, he was put by draft board in class A–1, subject at any time to military service, his demand for their custody was properly denied.

2. APPEAL AND ERROR ☜712 — EVIDENCE — RECORD.

On appeal the Supreme Court cannot consider statements of fact of which there is no evidence in the record.

3. HABEAS CORPUS ☜99(1)—FATHER'S RIGHT TO CUSTODY.

Though a father is, as a matter of right, entitled to the tutorship and possession of his children, his right in that respect is not unquestionable or absolute.

4. HABEAS CORPUS ☜99(4) — CUSTODY — WARDS OF COURT.

When the father is unfit to have possession of his children, whose mother is dead, they become the wards of the court, to be dealt with as abandoned or neglected children.

Appeal from Second Judicial District Court, Parish of Webster; J. N. Sandlin, Judge.

Habeas corpus by the State, on the relation of Arthur Bradley, against Richard and Myrtis Ann Lewis, for possession of relator's three minor children. Judgment for defendants, and relator appeals. Affirmed.

Drew & Drew, of Minden, for appellant.

Thomas W. Robertson, of New Orleans, for appellees.

O'NIELL, J. Relator appeals from a judgment rejecting his demand, in habeas corpus proceedings, for possession of his three children, aged, respectively, five years, three years, and six months. Respondents are the maternal grandparents of the children, whose mother is dead. She left the children in the care of her parents, at whose home she died. She had taken refuge there because of her husband's cruelty; and, when she died, he was accused of having beaten her fatally and was confined in prison. The charge of murder was abandoned for want of sufficient evidence against relator.

[1, 2] Being within the draft age, he was put in class 4, because of the dependency of his family; but, when the local board learned that he was not supporting his children, after his wife's death, he was reclassified and put into class A–1. That was his status, liable to be sent at any time to a training camp, and thence abroad with the American Expeditionary Force, at the time of the trial of this suit.

It is said in the brief of his learned counsel that relator has served in the army in France, has returned, and has been discharg-

ed from the service, since the trial of this case. That may be good cause for another demand in the district court, but we cannot consider statements of fact of which there is no evidence in the record.

Though there is some conflict in the testimony on the subject of the alleged neglect of relator's family, there is a preponderance of evidence against him.

The children in this case, particularly the baby and an afflicted one, needed the care of a woman experienced in nursing children. The grandmother, having reared eight children of her own, was willing and able to give these the motherly care which their father was not financially able to procure elsewhere.

[3, 4] Under the circumstances, the district judge did well in rejecting relator's demand. Though a father is, as a matter of right, entitled to the tutorship and possession of his children, his right in that respect is not unquestionable or absolute. When the father is unfit to have possession of his children, whose mother is dead, they become the wards of the court, to be dealt with as abandoned or neglected children.

The judgment appealed from is affirmed, at appellant's cost.

MONROE, C. J., not having heard the argument, takes no part.